**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANGELA INGRAM ) | 2:10-cv-01813-ECR-RJJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Order** |
| ) | |
| WALGREEN CO., DOES 1 through 10 ) | |
| inclusive; ROE CORPORATIONS 11 ) | |
| through 20, inclusive, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff claims medical expenses in excess of $300,000 from a trip and fall injury due to the alleged wrongful acts of Walgreen Co. ("Walgreen").

### I. Factual Background

Plaintiff alleges that, on information and belief, Walgreen owns, occupies, operates, controls, maintains and/or manages the real property located at 2451 Hampton Road, Henderson, Nevada 89052 on which Walgreens store number 7032 is located (the "Premises"). (Compl. ¶ 8 (#1 Ex. A).) On or about September 19, 2008, Plaintiff was on the Premises and tripped and fell over a bin that was left in an aisle while she was examining items on the shelf. (Id. ¶ 9.)

Plaintiff alleges three causes of action: (i) negligence; (ii) negligence per se; and (iii) res ipsa loquitur.

## II. Procedural Background

On August 11, 2010, Plaintiff filed a complaint (Notice of Removal Ex. A (#1).) in Nevada state court.  Walgreen filed a motion (#1) to remove to Federal District Court on October 19, 2010 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). Walgreen's agent was served with a copy of the complaint and summons on October 1, 2010. (Notice of Removal ¶ 2 (#1).)  Defendant filed a motion (#10) to dismiss Plaintiff's complaint (#1) on October 25, 2010.  Plaintiff opposed (#12) and Defendant replied (#13).  The motion is ripe, and we now rule on it.

## III. Motion to Dismiss Standard

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.  The Court must draw all reasonable inferences in favor

2

of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949. (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

### IV. Defendant's Motion to Dismiss (#10)

Defendant moves the Court for an order dismissing or striking paragraphs 21 through 34 of the complaint (#1). Defendant claims that Plaintiff's second cause of action for negligence per se and Plaintiff's third cause of action for res ipsa loquitur (i) fail to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); and (ii) constitute redundant, immaterial, impertinent or scandalous matter under Federal Rule of Civil Procedure 12(f), as Plaintiff has already pleaded a claim for negligence as her first cause of action.

3

A. Plaintiff's Second Cause of Action for Negligence Per Se

Defendant argues that Plaintiff failed to set forth a claim for negligence per se because Plaintiff has not specified any statute on which she bases her claim. Further, Defendant contends that there is no statute that could possibly apply to Plaintiff's claim.

Plaintiff claims that because no discovery has taken place, it is impossible to decide whether there is an applicable statute to support a claim for negligence per se. (P.'s Resp. ¶ 1 (#12).) She argues that she should be given a fair opportunity to investigate facts pertaining to the bin, the policies and procedures of the Premises, and the identities of possible Doe/Roe defendants before the Court strikes a portion of her complaint (#1).

This Court has ruled that to successfully state a cause of action for negligence per se, a plaintiff must identify which statute(s) the defendant(s) allegedly breached. Megino v. Linear Fin., 2011 U.S. Dist. LEXIS 1872 at *21-22 (D. Nev. Jan. 6, 2011); Velasquez v. HSBC Mortg. Servs., 2009 U.S. Dist. LEXIS 68473 at *15-16 (D. Nev. July 24, 2009). Plaintiff's failure to identify specific statutory violations is fatal to her negligence per se claim. Id. Plaintiff's second cause of action will therefore be dismissed.

B. Plaintiff's Third Cause of Action for Res Ipsa Loquitur

Defendant contends that Plaintiff's third cause of action for res ipsa loquitur "should be stricken as redundant, immaterial and impertinent" because the doctrine of res ipsa loquitur does not create an independent cause of action, but is a mechanism for

4

1  shifting the burden of proof in the context of a negligence action.
2  (D.'s Resp. at 3 (#10-1).)  Further, Defendant argues that res ipsa
3  loquitur is not available when a plaintiff knows how the injury
4  occurred. (Id.)
5       Plaintiff does not respond to Defendant's argument with respect
6  to her third cause of action in her response (#12).
7       The doctrine of res ipsa loquitur does not create an
8  independent right of recovery, but allows a jury to draw an
9  inference of negligent conduct in the absence of evidence proving
10 the negligent act of the defendant. Ashland v. Ling-Temco-Vought,
11 Inc., 711 F.2d 1431 (9th Cir. 1983).  To assert a claim under the
12 doctrine of res ipsa loquitur, a plaintiff must prove that the
13 event: (i) was of a kind that ordinarily does not occur in the
14 absence of someone's negligence; (ii) was caused by an agency or
15 instrumentality within the exclusive control of the defendant; and
16 (iii) was not due to any voluntary action or contribution on the
17 part of the plaintiff. Id.; Woosley v. State Farm Ins. Co., 18 P.3d
18 317, 321 (Nev. 2001).
19      This Court has rejected the suggestion that res ipsa loquitur
20 may not be applied where Plaintiff also makes a specific pleading of
21 negligence. Hampton v. United States, 121 F. Supp. 303, 305 (D. Nev.
22 1954).  As such, Plaintiff's claim for liability under res ipsa
23 loquitur is not redundant, immaterial or impertinent, and Plaintiff
24 will be allowed to allege negligence under both the standard theory
25 of negligence and the doctrine of res ipsa loquitur.
26      Defendant's contention that res ipsa loquitur cannot apply
27 where Plaintiff knows how the injury occurred likewise fails.  While
28                                   5

Plaintiff knows that her injury was caused by falling over the bin, she does not know how the bin came to be placed in the aisle where her injury occurred. (P.'s Resp. at 2 (#12).)  As such, a negligence claim under the doctrine of res ipsa loquitur is not inappropriate.

## V. Conclusion

Plaintiff's failure to identify one or more specific statutory violations by Defendant is fatal to her negligence per se claim. Plaintiff's second cause of action for negligence per se will therefore be dismissed.

Plaintiff's third cause of action for res ipsa loquitur will not be dismissed.  This Court has rejected the suggestion that res ipsa loquitur does not apply where there is a specific pleading of negligence. In addition, while Plaintiff knows that her injury was caused by falling over the bin, she does not know how the bin came to be placed in the aisle where her injury occurred.

Defendant's motion (#10) to dismiss will therefore be granted in part and denied in part.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion (#10) to dismiss is **GRANTED** in part and **DENIED** in part: **GRANTED** with respect to Plaintiff's second cause of action for negligence per se and **DENIED** with respect to Plaintiff's third cause of action under the doctrine of res ipsa loquitur.

DATED: May 3, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE